UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRI MCKINSTRY,

        Plaintiff,                       Case No. 2:16-cv-12565

v.                                      HONORABLE STEPHEN J. MURPHY, III

DEVELOPMENTAL ESSENTIAL
SERVICES, INC. and DION E. SCHARF,

        Defendants.

_____/

**OPINION AND ORDER GRANTING MOTION FOR
CONDITIONAL CERTIFICATION AND APPROVAL OF NOTICE [12]**

Plaintiff Terri McKinstry filed a collective action complaint against the Defendants

Developmental Essential Services, Inc. ("DES") and Dion Scharf pursuant to the Fair Labor

Standards Act (FLSA), 29 U.S.C. § 201, et seq. Before the Court is McKinstry's motion for

conditional collective action certification for notice purposes under 29 U.S.C. § 216(b). For

the following reasons, the Court will grant the motion.

**BACKGROUND**

McKinstry, and others on whose behalf she brought suit, were healthcare workers

employed in group homes that were owned and/or operated by Defendants or their

affiliates. Compl. ¶¶ 15–16, ECF No. 1. As the owner, manager, and/or executive officer,

Scharf allegedly exercised authority and control over DES's payroll practices, business

activities, and the employees' work arrangements. *Id.* ¶¶ 34–38. Whether they were paid

an hourly rate without overtime or a salary based on hours worked, McKinstry alleges that

she and others were not properly compensated for hours worked over 40 in a work week.

*Id.* ¶¶ 17–21. They collectively seek to recover the unpaid overtime compensation as the

following conditionally certified class:

All current or former healthcare workers employed by Developmental Essential Services, Inc. and/or Dion E. Scharf, and/or any of its or their affiliated entities who were not paid overtime for all hours worked over 40 in a work week from June 29, 2013 to the present.

*Id.* ¶ 10.

## LEGAL STANDARD

The FLSA allows "any one or more employees for and in behalf of himself or themselves and other employees similarly situated" to sue for recovery of overtime compensation. 29 U.S.C. § 216(b). Thus, a plaintiff "who has suffered only small monetary harm can join a larger pool of similarly situated plaintiffs." *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 586 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). A "collective action" requires Plaintiffs to (1) "actually be similarly situated" and (2) "signal in writing their affirmative consent to participate." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (quotations omitted). Once a district court determines "whether plaintiffs have shown that the employees to be notified are, in fact, similarly situated," it may "authorize notification of similarly situated employees to allow them to opt into the lawsuit." *Id.* (quotations omitted).

The FLSA does not define "similarly situated," but the Sixth Circuit has provided some parameters for the analysis: (1) FLSA plaintiffs may still be similarly situated notwithstanding individualized questions of fact that would preclude class certification under "the more stringent criteria" of Civil Rule 23, *O'Brien*, 575 F.3d at 584; (2) FLSA plaintiffs need not demonstrate "a 'unified policy' of violations" to establish that they are similarly situated, *id.*; and (3) positions held by the plaintiff and the putative class members need only be similar — not identical, *Comer*, 454 F.3d at 546–47 (quoting district court opinion).

Overall, the standard for authorizing notice is fairly lenient, and requires only "a modest factual showing." *Id.* at 547 (quotation omitted).

## DISCUSSION

To support her motion, McKinstry provides declarations and pay stubs from herself and opt-in plaintiffs Lisa McKinstry, Becky Ferree, and Heather Doss. *See* ECF Nos. 12-3, 12-4, 12-5, 12-6. She argues that reading the documents in concert with the allegations in the Complaint show that the employees were paid either a fixed salary and hourly pay (the McKinstrys and Ferree), or only hourly pay (Doss), they were regularly required to work over 40 hours a week, and they were not paid overtime for the extra hours. Mot. Cert. 12–13, ECF No. 12; *see* T. McKinstry Decl. ¶¶ 9, 10, ECF No. 12-3; L. McKinstry Decl. ¶¶ 9, 10, ECF No. 12-4; Ferree Decl. ¶¶ 9, 10, ECF No. 12-5; Doss Decl. ¶ 11, ECF No. 12-6.

Specifically, McKinstry claims the declarations show that Defendants' pay policies subjected the employees to the same unlawful practices at several different locations. The employees' declarations state the following:

- They worked in non-supervisory capacities with two other healthcare workers at multiple group homes. *Id.* ¶¶ 7, 8, 20 (the McKinstrys and Ferree), ¶¶ 7, 8, 19 (Doss);

- Their stated job duties were substantially similar: monitoring, communicating with, providing meals to, and attending to the medical needs of, the patients; documenting the patients' medical care; and providing various household services. *Id.* ¶ 15 (the McKinstrys and Ferree), ¶ 14 (Doss);

- They were scheduled to work more than 40 hours per week to ensure 24/7 coverage despite not being fully compensated for overtime. *Id.* ¶¶ 8–10, 12–14, 17 (the McKinstrys and Ferree), ¶¶ 8, 11–12, 16 (Doss); and

- They were aware of other employees' similar situations: "I know from my own personal knowledge that other health care workers worked under the same terms and conditions and were subject to the same payroll practice";

3

> "Defendants employed other health care workers who had the same job
> duties and responsibilities as me [and] I know this because I have spoken
> with other workers who worked with me at the group homes where I was
> assigned"; and "[o]ther health care workers also worked well over 40 hours
> per week and Defendants did not pay them for all hours of overtime worked."
> *Id.* ¶¶ 13, 16, 17 (the McKinstrys and Ferree), ¶¶ 12, 15, 16 (Doss).

Defendants contend that "plaintiff has not met her burden especially with no discovery having been done in this case," but fail to specify any deficiency. Resp. 2, ECF No. 16. It is common for conditional certification to be determined before or early in the discovery process. *Wlotkowski v. Michigan Bell Tel. Co.*, 267 F.R.D. 213, 217 (E.D. Mich. 2010) (granting conditional certification for notice purposes at an early stage in discovery). And Defendants' reliance on *Arrington v. Mich. Bell Tel. Co.*, No. 10-10975, 2011 WL 3319691 (E.D. Mich. Aug. 1, 2011) is unavailing. *Arrington* would apply if McKinstry's declaration merely asserted a belief that other employees were subject to the same policy that denied her overtime compensation. But the four submitted declarations show a "factual nexus" that justifies conditional certification here. *See, e.g.*, *O'Neal v. Emery Fed. Credit Union*, No. 1:13-CV-0022, 2014 WL 842948, at *2 (S.D. Ohio Mar. 4, 2014) (finding that statements regarding the "observations of, and interactions and conversations with, other [co-workers] in their offices are sufficient to support the inference that [the named Plaintiff and three additional opt-in plaintiffs] had actual knowledge that their experience was not unique.").

Defendants also argue that McKinstry's proposed notice is deficient because it improperly looks like an official court pleading, it "does not warn that opt-ins can be liable for fees and costs if unsuccessful" and does not inform opt-in plaintiffs that they may be required to participate in written discovery, it "does not inform that the Court has not expressed any opinion on the case," and its 60-day opt-in period is too long. Resp. 3–4, ECF No. 16; *see* Notice, ECF No. 12-11.

Defendants' arguments are without merit. The inclusion of the case caption serves an important purpose, and does not make the notice improper. *See, e.g.*, *Carlson v. Leprino Foods Co.*, No. 1:05CV798, 2006 WL 2375046, at *1 (W.D. Mich. Aug. 15, 2006) ("The use of the caption is important so that readers will not confuse this notice with junk mail."). References to potential fees, costs, and discovery may deter an employee from participating, and that adverse effect is disproportionate to the burden they may face by joining the action. *See Bath v. Red Vision Sys., Inc.*, No. 2:13-02366, 2014 WL 2436100, at *7 (D.N.J. May 29, 2014) (holding those types of references are unwarranted because they could chill participation in the action); *see also Guzman v. VLM, Inc.*, No. 07-cv-1126, 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007) (stating that language "may have an in terrorem effect that is disproportionate to the actual likelihood that costs or counterclaim damages will occur in any significant degree"). The Notice explicitly states that "the Court has not made any decision yet about who is right." *See* Notice, ECF No. 12-11. And a 60-day opt-in period is reasonable. *Compare Benion v. Lecom, Inc.*, No. 15-14367, 2016 WL 2801562, at *11 (E.D. Mich. May 13, 2016) (approving a 90-day opt-in period).

A review of the record and relevant law shows that the additional employees are "similarly situated." Accordingly, McKinstry has met the requirements for conditional collective action certification and notice. The Court will grant her motion, but will not require Defendants to post the Notice in a location where it can be seen by current workers. That requirement is unnecessary and punitive given the other channels of notice available.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Motion for Conditional Certification and Approval of Notice [12] is **GRANTED**, and the present case is conditionally certified as a collective action, as described above.

**IT IS FURTHER ORDERED** that Defendants shall provide Plaintiff with the last known mailing address, email address, and employee or unique identifier number of all potential members of the described class in electronically readable form by **March 31, 2017**.

**IT IS FURTHER ORDERED** that the proposed Notice of Fair Labor Standards Act Lawsuit and Opt-in Consent Form, *see* ECF Nos. 12-11, 12-12, are **APPROVED**, and Plaintiff's counsel shall promptly deliver them by United States mail or email to all employees identified by Defendants. The Notice shall indicate the employee's right and ability to join the collective action by opting into the lawsuit no later than **May 30, 2017**. If a Notice is returned as undeliverable, Defendants shall provide Plaintiff with that person's date of birth and telephone number in electronically readable form, and Plaintiff's counsel may re-mail the Notice to a new address.

**IT IS FURTHER ORDERED** that the Reminder Postcard, *see* ECF No. 12-13, is **APPROVED**, and Plaintiff's counsel may deliver it by United States mail or email to all employees identified by Defendants.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 1, 2017

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 1, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager